JOSEPH HARRIS & SONS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. ADELE VAN LOAN, DEFENDANT-APPELLANT, AND ARNOLD B. LADD, SHERIFF OF MORRIS COUNTY, DEFENDANT.

Argued January 14, 1957—Decided February 25, 1957.

*Mr. J. Mortimer Rubenstein* argued the cause for the defendant-appellant (*Messrs. Saltzman, Rubenstein & Kosoff,* attorneys; *Mr. Richard P. Marcus,* on the brief).

*Mr. Harry A. Shuback* argued the cause for the plaintiff-respondent (*Messrs. Shuback & Orr,* attorneys; *Mr. Edwin W. Orr, Jr.,* on the brief).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from an order of the Superior Court, Law Division, entered on a complaint and order to show cause issued by it quashing a writ of execution issued on an order entered in the Superior Court, Chancery Division, in a matrimonial matter, M–496–55.

An order entered on February 3, 1956 in the matrimonial cause fixed the amount of arrearages due on an order for alimony and support *pendente lite* in the sum of $965.60. This order was entered upon the *civil docket* and since it was an order for the payment of money it had the force, operation and effect of a judgment of the Superior Court, Law Division, an "execution may issue thereon as in other cases," *N. J. S.* 2*A*:16–18, subject to the provisions of *N. J. S.* 2*A*:16–19. An abstract of this judgment was subsequently entered on the Civil Judgment and Order Docket of the Superior Court pursuant to *N. J. S.* 2*A*:16–19, and the judgment became a lien and bound the real estate of the defendant as against persons not a party to the suit.

A writ of execution was issued and a levy made on this docketed judgment on June 21, 1956. On June 27, 1956 a levy was made under an execution issued out of the Morris County Court on a subsequent judgment entered in that court on March 9, 1956, in favor of the respondent and against one George Van Loan for goods sold and delivered. It is patent that the levy made under the execution issued on order of the Superior Court, Chancery Division, was prior in time and levy to the County Court judgment.

Both levies were made on property owned by Adele Van Loan and George Van Loan as tenants by the entirety. At the time the levies were made no judgment *nisi* in the divorce proceeding had been entered nor has one been entered as of this date. Therefore the levy could only be made against such right, title and interest as George Van Loan had as a tenant by the entirety.

We discern no reason why the application to set aside the writ of execution issued on the order of the Superior Court, Chancery Division, in the matrimonial proceeding was not made by counsel in that proceeding because it is fundamental that a court controls the enforcement of its own judgments. While it is true that the Law Division and Chancery Division are part of the one court, it is most unseemly to have a proceeding of the Law Division reviewing

and disturbing the orderly progress of an action in the Chancery Division.

The county judge who sat by special assignment on the return of the order to show cause quashed the writ of execution on the ground that *R. R.* 4:74–1 specifically states that a writ of execution is the proper process to enforce a judgment or order "for the payment of money, other than alimony or maintenance awarded in a matrimonial action." The effect of this conclusion is to say that an order or judgment of the Chancery Division fixing the amount of money due for past due alimony or support cannot be enforced by execution.

The words "alimony" and "maintenance" have always had a technical signification in our law and are regarded as annuities *a futuro*. *O'Loughlin v. O'Loughlin,* 12 *N. J.* 222, 229 (1953). Thus, alimony and maintenance decrees, judgments or orders do not, of course, resemble judgments at law in the pecuniary obligations they impose at the time of their pronouncement, but they can take on that form as the alimony from time to time accrues. *Close v. Close,* 28 *N. J. Eq.* 472 (*E. & A.* 1877); *Warren v. Warren,* 92 *N. J. Eq.* 334, 336 (*Ch.* 1921). Any lien that attaches to the lands of a defendant does so solely by virtue of a statute.

At the common law, except for debts due to the King, no lien was acquired by a judgment. The judgment lien is purely a creature of the statute. 2 *Freeman on Judgments* (*5th ed.*), *sec.* 916. This is particularly true of judgments on decrees in equity, for an equitable proceeding originally was purely a personal proceeding and the decree was *in personam.* It abated by the death of the individual charged and it did not affect his property further than by enabling the party claiming the benefit of it to come in, *pari passu,* with other creditors against a personal estate. It could not be revived against his heir unless the real estate was the subject of the suit. The history of the creation of the lien for money judgments in equity is to be found in 2 *Daniels, Chancery Practice and Pleading* (*6th ed.*), *1032 and *1033.

The counterpart of these English statutes in this State relating to Chancery decrees or orders creating liens to aid the enforcement thereof are the act of June 13, 1799, *sec. 46, Patersons Laws, p.* 433, as amended and supplemented and now *N. J. S.* 2*A* :16–18; and the act of March 8, 1839, *sec.* 3 as amended and supplemented and now *N. J. S.* 2*A* :16–19.

These statutes have been construed as not intending to embrace all decrees or judgments in Chancery, but "only to such decrees as resemble judgments at law in the pecuniary obligations they imposed and made them equivalent to such judgments in their effects," *Close v. Close, supra; Rooney v. Rooney,* 102 *N. J. L.* 551 (*Sup. Ct.* 1926).

For a century or more the practice in this State had required that the past due payments of alimony or maintenance be established by a formal order or decree of the court as past due and owing, and when that was done such decree could be docketed and a lien established in accordance with the provisions of the statute above mentioned. *Cf. Van Buskirk v. Mulock,* 18 *N. J. L.* 184, 185 (*Sup. Ct.* 1840); *Savoie v. Savoie,* 26 *N. J. Misc.* 67 (*Ch.* 1947).

▮▮▮▮ *R. R.* 4:74–1 merely implements these statutes procedurally. At the time of its enactment and promulgation the court was faced with the situation where in the future what was formerly a decree or order of the Chancery Division would be known as a judgment or order, similar terminology being applicable to both the Law and Chancery Divisions of the Superior Court. It thus became necessary to indicate in the rule that an order or judgment for the payment of alimony or maintenance as an annuity was not such an order or judgment under the established practice in this State upon which a writ of execution could issue as a matter of course. Further, as a matter of practice a judgment for past due alimony is a final resort in most cases. Enforcement of an order for alimony and maintenance past due is usually by a proceeding in contempt, and other less drastic steps are taken before a judgment is entered upon which execution can be issued. But once a judgment

or order is entered establishing a fixed sum of money due for past due payments of alimony and maintenance such judgment or order insofar as it adjudges money to be due from the defendant to the plaintiff resembles a judgment at law in the pecuniary obligations it imposes and makes them equivalent to such judgments in their effects under the statute. *Close v. Close, supra.*

They are liens against all property owned by the defendant from the moment they are placed on the civil docket and are binding as to him and his property, and they are binding as to third parties from the time that an abstract of the order or judgment is docketed on the Civil Judgment and Order Docket in the Superior Court. Like all valid judgment liens, they are collectable by execution.

The order of the Superior Court, Law Division, quashing the writ of execution issued by the clerk of the court in *Van Loan v. Van Loan,* M–496–55, is reversed and the cause remanded to be proceeded with according to this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and WEINTRAUB—7.

*For affirmance*—None.