58 N.J. Super. 302 (1959)
156 A.2d 173
GORDON THOMPSON, PLAINTIFF,
v.
ROSALIE MONTEIRO, FALSELY CALLED ROSALIE THOMPSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 30, 1959.
*303 Mr. Alfred M. James, attorney for plaintiff.
Mr. Abraham Miller, attorney for defendant.
NIMMO, J.S.C.
At the close of plaintiff's case the defendant moved for a dismissal of the complaint on the ground that plaintiff failed to prove a cause of action.
Plaintiff filed a complaint in nullity alleging that defendant was the wife of one Manuel A. Monteiro, who was living at the time he married the defendant and was not divorced from her when her marriage to plaintiff was solemnized.
Plaintiff and defendant were ceremonially married on June 16, 1938. Two children were born of the marriage. On June 16, 1934 the defendant was married to one Manuel A. Monteiro. There was no direct proof that Manuel A. Monteiro was alive when the marriage in 1938 was solemnized. When plaintiff and defendant obtained a marriage license, plaintiff testified he heard defendant say "none" when she was asked if she was previously married.
*304 Both lived together as man and wife until October 1954, when plaintiff left the defendant because she told him to "get out."
Of the five children that plaintiff had by a woman in Brooklyn, N.Y., the defendant raised two of them together with her other two children. About a year before he left (October 1953) plaintiff had a suspicion about defendant, but did nothing about it until he went to a lawyer a few months before the complaint was filed on August 4, 1958.
Police records were put into evidence showing that one Manuel Monteiro was arrested on October 27, 1934 on the complaint of defendant and was found guilty of cutting her arm. Monteiro was sentenced to the penitentiary for one year and six months. The defendant was called as a witness for plaintiff and testified that she had been cut on the arm by Monteiro; that he was sent away; that she had heard that he was dead in 1938 when she married plaintiff.
Plaintiff admitted he held the defendant out as his wife until he "saw the papers," meaning what his lawyer showed him in 1958 concerning the marriage of defendant and the man Monteiro. In 1956 plaintiff and defendant filed a joint income tax return.
As in so many cases of marital strife, there appears "another woman." Here, too, we have a Cora Ferguson as the other woman. On cross-examination plaintiff admitted knowing her and that she took him to the hospital when he became sick after he left defendant. There is no charge of wrongdoing between them, but he does use her address at times and knew her when he left defendant.
The case of Dacunzo v. Edgye, 19 N.J. 443 (1955) is urged by plaintiff as controlling in the case sub judice. The facts are not the same as confront us here. In the Dacunzo case a decree nisi was entered on April 25 which did not become final until July 26. The wife remarried June 24, or a month and two days before final decree. It was six years after the marriage that the husband learned of his wife's former marriage and divorce, and it was a year *305 and a half after the separation that the husband learned that his wife had a husband living when he married her. In the case sub judice there is not a scintilla of proof that the defendant had a husband living when she married plaintiff. Plaintiff relies upon a presumption of life, in that only two years elapsed between the two marriages and that it should be presumed defendant's former husband was alive because he was sentenced to 18 months in the county penitentiary on October 27, 1934 and it should be presumed that he was alive and served his full sentence, which would make his release date April 27, 1935, which would be two years, one month and nineteen days before the marriage of plaintiff and defendant.
Whether Monteiro served his full sentence was not shown, but all agree he was not seen alive since his arrest in October 1934, not even to this day. Plaintiff admits his suspicions were aroused in 1952 and it was six years before he filed his complaint of nullity, and "about," as he put it, a few months before complaint filed that he consulted a lawyer and learned of the prior marriage of defendant.
"Equity favors the vigilant" is an old axiom. Examining the testimony and record in this case, the court is convinced that this plaintiff did not leave the defendant because of any suspicion of defendant's prior marriage, but for other reasons.
All marriages are presumed to be valid until proven otherwise. A party to a marriage cannot have a spouse living and not divorced, else the marriage is void. The presumption of a valid marriage is very strong and requires strong proof to have it held otherwise. A presumption of death increases with the passage of time. Simmons v. Simmons, 35 N.J. Super. 575 (1955). In the case sub judice the only real proof of the last time Monteiro was seen alive is October 1934.
Plaintiff further urges that because the license to marry contained a question whether defendant was previously married, and the defendant's answer appears to be "none," *306 the Dacunzo case holds the marriage void. This court does not so read the opinion in that case. That case does interpret R.S. 37:1-10 as requiring a license to marry, else there can be no marriage. It does not go so far as to an examination of the answers on the application for a license. It is well, for to hold that the answers written in by a license clerk could vitiate a license and the marriage itself would put a marriage on a flimsy foundation.
What the Supreme Court was called upon to determine in the Dacunzo case is set forth on page 448 of 19 N.J. of the opinion. It had to do with whether R.S. 37:1-10 abolished common law marriages subsequent to December 1, 1939, and whether that statute applied to a case where a license was issued and a marriage ceremony performed, and an impediment existed which was later removed. We are concerned with neither of these questions in the case sub judice. The case of Simmons v. Simmons, supra, and the opinion therein more nearly meet the questions raised in the case here under consideration.
In view of the foregoing this court is constrained to dismiss the complaint filed herein.