KEVIN TUOHEY, BY JOAN TUOHEY, HIS GUARDIAN *AD LITEM*, AND JOAN TUOHEY, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. RUTH FALL AND GEORGE COUPLAND, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 2, 1966—Decided May 12, 1966.

Before Judges Gaulkin, Labrecque and Brown.

*Mr. Harry C. Chashin* argued the cause for appellants (*Messrs. Marcus and Levy,* attorneys).

*Mr. Edward C. Hillis* argued the cause for respondents (*Messrs. Habick, Winkelried & Hillis,* attorneys).

Per Curiam. Plaintiffs appeal from the granting of defendants' motion for involuntary dismissal. Defendants urge that the appeal is out of time and should be dismissed.

We are satisfied that the appeal must be dismissed as not having been filed within the period provided by *R. R.* 1:3–1(b). Trial of the case began on June 26, 1961. On the following day, at the close of plaintiffs' case, the trial judge granted defendants' motion for dismissal. His oral

decision was made in open court in the presence of counsel and taken down stenographically. Through inadvertence or oversight the judgment was not actually entered in the clerk's civil docket. Four years later plaintiffs made a motion to "settle the form of an order for judgment." The motion was granted, but on defendants' motion and over plaintiffs' objections, the order provided for the entry of judgment *nunc pro tunc.* Judgment was entered October 6, 1965 as of June 27, 1961. The notice of appeal was filed November 15, 1965.

The time within which an appeal must be taken begins to run "after the entry of the judgment, order or determination appealed from." *R. R.* 1:3–1; *R. R.* 2:3. The entry of judgment is effectuated when a notation thereof is made in the civil docket kept by the Clerk of the Superior Court. *R. R.* 4:59; *R. R.* 4:120–3. Where the trial judge directs that a party be denied all relief, the judge is not required to settle or approve the form of the judgment, but upon notice thereof from the county clerk, "the [Superior Court] clerk shall sign the judgment forthwith upon receipt by him of the direction." *R. R.* 4:59.

Here the determination of the trial judge terminated the litigation as far as defendants were concerned, and the rules imposed no specific duty upon them to look to the entry of the judgment. Since the omission was that of an arm of the court, *i. e.,* the clerk, the judge of the Law Division was not in error in subsequently directing that judgment be entered *nunc pro tunc. McNamara v. New York, L. E. & W. R. R. Co.,* 56 *N. J. L.* 56 (*Sup Ct.* 1893); *St. Vincent's Church v. Borough of Madison,* 86 *N. J. L.* 567 (*E. & A.* 1914). By so doing, plaintiffs' rights were not violated since they could have called the court's attention to the omission at any time after their failure to receive the notice of entry of judgment prescribed by *R. R.* 4:118–8. *Homeowner's Taxpayers Ass'n of So. Plainfield, Inc. v. Borough of South. Plainfield Sewerage Auth.,* 60 *N. J. Super.* 321 (*App. Div.* 1960), and *Credit Bureau Collection Agency v. Lind,*

71 *N. J. Super.* 326 (*App. Div.* 1961), cited by plaintiffs, are not apposite since in neither case was the court called upon to consider the effect of such an extended and inexcusable delay between the disposition of the case by the trial judge and the filing of the appeal.

Aside from the foregoing, our examination of the grounds of appeal relied upon for reversal of the judgment reveals them to be without merit.

Affirmed.