107 N.J. Super. 235 (1969)
258 A.2d 26
DONALD B. JONES, PLAINTIFF-RESPONDENT,
v.
ASA C. PARKER, HAZEL PARKER, HIS WIFE, TAR ASPHALT SERVICE, INC., A NEW JERSEY CORPORATION, DEFENDANTS AND SHARP BROS. BUILDING SUPPLIERS, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1969.
Decided October 17, 1969.
*237 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. Nathan G. Ginsburg argued the cause for appellant (Messrs. Kaser & Ginsburg by Nathan G. Ginsburg, attorneys).
Mr. Frederick C. Schneider, III, argued the cause for defendant Tar Asphalt Service, Inc.
Mr. Stephen F. Lichtenstein argued the cause for respondent (Mr. Donald B. Jones, of counsel and on the brief; Messrs. Lichtenstein, Levy & Segal, attorneys).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
This appeal by a judgment creditor involves a dispute between such judgment creditor and the holder of a subsequent mortgage, and a subsequent judgment creditor over the proceeds of a sale of certain real property.
The trial court held that a money judgment entered in the Superior Court, Law Division, against Ace Parker was not a lien on real estate held of record in the name Asa C. Parker and Hazel J. Parker, his wife, even though Asa C. Parker and Ace Parker were, in fact, one and the same person. On this basis the trial court ruled that a subsequent mortgage on the property made by Asa C. Parker and his wife to a bank, and a subsequent money judgment against Asa C. Parker, respectively had first and second priority as liens on the real estate. For reasons hereinafter stated we affirm.
*238 The factual background of the case is as follows.
On March 12, 1941 Asa C. Parker and Hazel J. Parker, his wife, acquired title to a parcel of real estate on Radio Road in Little Egg Harbor Township, Ocean County, New Jersey. The deed was recorded in the Ocean County Clerk's office on April 13, 1956.
On April 24, 1963 Sharp Bros. Building Suppliers, Inc. (Sharp) instituted suit in the Superior Court, Law Division, Gloucester County, on a book account against Ace Parker, defendant, and obtained a default judgment for $16,563.49. The judgment remains largely unpaid.
Prior to 1965 Parker had a checking account and a loan account in the name Asa Parker with the First National Bank of Tuckerton, Ocean County. In June 1965 he made application to the bank for a mortgage loan on the Radio Road property. The application was signed with the name Asa Parker. The bank approved the application and referred the matter to its attorney, who certified the title and closed the loan. In the course of the title examination the attorney ordered a 20-year judgment search against the names Asa C. Parker and Hazel J. Parker, the record owners of the property. The resulting judgment search, certified to the attorney by State Capital Title & Abstract Co., did not disclose any judgments against either name. At the closing of the mortgage loan on February 21, 1966 the attorney had Mr. and Mrs. Parker execute a bond and mortgage in the names Asa C. Parker and Hazel J. Parker, his wife. The Parkers also signed an affidavit of title in which they stated that they had not changed their names and that there were no judgments against either of them.
Thereafter, Tar Asphalt Service Inc. (Tar), which had an unpaid account with Ace Paving & Trucking Company, turned it over to counsel for collection. In reviewing the file counsel ascertained that the business was operated by a man using the name Ace Parker, with an address at Radio Road in Tuckerton, New Jersey. Upon searching the deed records in Ocean County, counsel found the recorded deed *239 for the Radio Road property in the name of Asa C. Parker and Hazel J. Parker. He thereupon filed suit on behalf of Tar against Asa C. Parker, t/a Ace Paving Company, in the Superior Court, Law Division, Ocean County, and obtained a default judgment for some $1400 on April 10, 1967.
The mortgage fell into default in April 1967 and the Parkers vacated the Radio Road property. In anticipation of foreclosure the bank made arrangements to sell the property. A title search made on behalf of the prospective purchasers (Ernst Ambrose and wife) by M & D Search Co. of Trenton disclosed the existence of the 1963 Sharp judgment against Ace Parker, as well as the 1967 Tar judgment against Asa C. Parker, t/a Ace Paving Company. The search report was turned over to the bank's attorney who upon inquiry discovered that Asa Parker and Ace Parker were one and the same person. The attorney communicated with Donald B. Jones, plaintiff herein, the president of State Capital Title & Abstract Co. which had made the judgment search for the bank and had not reported any judgments against the names searched. Plaintiff immediately purchased the bank's mortgage for the full amount due thereon and took an assignment thereof.
Foreclosure proceedings were commenced by Jones, who joined as parties-defendants Asa C. Parker, Hazel J. Parker, Tar Asphalt Service Inc. and Sharp Bros. Building Suppliers. The suit also asked that a declaratory judgment be entered adjudicating the Sharp judgment as not a lien on the mortgaged premises. Sharp's answer and counterclaim asserts that its judgment is a lien on the property prior to and superior in right, title and interest to the mortgage lien sought to be foreclosed.
Pending the foreclosure proceeding, all the parties thereto entered into a written agreement with the Ambroses to sell the property for $10,000 and to permit the Ambroses to take possession immediately. Because of this agreement, the foreclosure aspect of plaintiff's suit was dismissed and it *240 was agreed that the determination of the court would relate solely to the priorities of the parties in the sale proceeds.
The trial court, after a plenary hearing, decided that the names Ace and Asa were so dissimilar that the Sharp judgment against Ace Parker did not constitute notice that it was against Asa C. Parker and was not a lien on the Radio Road property. Consequently, as heretofore noted, he held that plaintiff's mortgage and the Tar judgment had first and second priority respectively as to the proceeds of sale.
In New Jersey a judgment creditor has a lien on real property owned by the debtor as the implied result of N.J.S.A. 2A:17-17. A Superior Court or County Court, Law Division, judgment becomes a lien upon real estate from the time of the actual entry of such judgment on the minutes or records of the court. N.J.S.A. 2A:16-1. The statute directs the clerk of the court to keep and maintain a book known as the Civil Judgment and Order Docket and to enter an abstract of each judgment or order for the payment of money therein, including the names at length of all parties to the judgment, the amount of damages and costs, and the date of actual entry of the judgment. The Superior Court Clerk is required to keep and maintain suitable indices in alphabetical order of the Civil Judgment and Order Docket and the record of all judgments, assignments thereof, etc. See N.J.S.A. 2A:16-11 to 16. The purpose of these recording provisions is to give constructive notice of judgment liens to subsequent purchasers, encumbrancers and others who may deal with the real estate. Consequently, it has been held that unless the judgment is entered against the same name, both the Christian or first name and surname, as that in which the record title stands, it does not constitute notice to a subsequent purchaser or encumbrancer and is not a lien on the real estate. Venetsky v. West Essex Bldg. Supply Co., 28 N.J. Super. 178 (App. Div. 1953); Englese v. Hyde, 111 N.J.L. 1 (E. & A. 1933); Lembeck & Betz Eagle Brewing Co. v. Barbi, 90 N.J. Eq. 373 (Ch. 1919), aff'd 91 N.J. Eq. 533 (E. & A. 1920). Otherwise, the *241 statutory system of recording land titles, liens, and encumbrances, would lack certainty and titles to real estate rendered hazardous and uncertain.
Here record title to the property was in the name Asa C. Parker and Hazel J. Parker. Asa is a recognized first name going back to Biblical times. The Sharp judgment is against Ace Parker. Ace is not a recognized first name, but is commonly used as a nickname without any relationship to a first name. In reality, a judgment against Ace Parker could be against anybody named Parker and the searcher would have no way of knowing what that first name might be. The cases recognize that slight variations in names, which do not have the capacity to mislead, will not vitiate the judgment creditor's lien. Thus, the abbreviation Edw. for Edward would be sufficient to give constructive notice as to the identity of the judgment debtor. So too, the entry of a judgment against A. Parker might be sufficient to alert a searcher who was running down the name Asa Parker. But, where there are dissimilar names, no obligation is imposed on the title searcher to go behind what the record judgment shows on its face, particularly where the last name being searched is a common name like Jones, Smith or Parker.
The proofs showed that there are five companies in New Jersey which make searches in the Superior Court clerk's office, in addition to the Superior Court Clerk himself. After this suit was commenced, formal requests were made to each one of these companies and the Superior Court Clerk to make a 20-year judgment search against the names Asa C. and Hazel J. Parker, and to furnish a report thereon. Not one of the five companies or the Superior Court Clerk reported the Sharp judgment. Paradoxically, it is to be noted that one of the five companies was the M. & D. Search Company which originally reported the Sharp judgment when it made the judgment search on behalf of the Ambroses.
The title searcher for M & D Search Company, who testified as a witness for appellant, revealed that the reason she *242 reported the Ace Parker judgment on the Ambrose search in 1967 was because she noticed that the Tar judgment was against Asa C. Parker, t/a Ace Paving Company. Since the word Ace appeared in both judgments she went to the original files, looked at the addresses on the summons, and saw they were the same. She therefore reported both judgments. (The State Capital Title & Abstract Company made its judgment search for the bank in 1965, prior to entry of the Tar judgment.) When she was shown the later search by M & D which did not report the Sharp judgment her only explanation was "different searchers."
Appellant's contention that the bank was chargeable with actual or constructive notice that Asa C. Parker was commonly known as Ace Parker is unsupported by any credible evidence. The bank, in good faith and without notice of the Sharp judgment, made a mortgage loan after taking the normal legal precautions for such type of transaction. Tar also acted in good faith and without notice. Its attorney was diligent in ascertaining that the debtor owned real property and the name in which the record title stood. Suit was filed against that name to insure that the judgment entered would be a lien on the property. On the other hand, Sharp, although its account showed Radio Road, Tuckerton, as Parker's address, was content to sue and enter judgment against Ace Parker.
The lien given a judgment creditor is purely statutory. Joseph Harris & Sons, Inc. v. Van Loan, 23 N.J. 466, 470 (1957). Unless the judgment entered is against the same name as that in which record title to real estate stands, the statute does not come into operation and no lien exists.
Finally, appellant argues that Ace and Asa are similar in sound and that the trial court should have applied the doctrine of idem sonans and held that the judgment against Ace Parker gave constructive notice to anyone making a judgment search against the name Asa Parker.
We cannot agree. Idem sonans as a doctrine came into being when spelling was not an exact art. It was, and to a *243 very limited extent still is, used to overcome technical errors due to misspelling where no one was misled by the error. Cf. Elberson v. Richards, 42 N.J.L. 69, 70 (Sup. Ct. 1880). The practical difficulty with application of the doctrine is that it rests on pronunciation of a name as to which persons may differ widely.
Certainly, the mortgagee and Tar would be prejudiced were the Sharp judgment held to be a prior lien. Moreover, Asa has different pronunciations. Its possible phonetic similarity to the nickname Ace should not be held to be sufficient to alert a reasonably careful searcher.
Affirmed.