245 N.J. Super. 365 (1991)
585 A.2d 961
JOHN B. BRESCHER, JR. AND ANTOINETTE BRESCHER, PLAINTIFFS-RESPONDENTS,
v.
GERN, DUNETZ, DAVISON & WEINSTEIN, P.C., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 17, 1990.
Decided January 17, 1991.
*366 Before Judges PETRELLA, BILDER and BROCHIN.
Thomas A. Szymanski argued the cause for appellant (Gern, Dunetz, Davison & Weinstein, attorneys pro se; Thomas A. Szymanski, on the brief).
Dennis M. Gonski argued the cause for respondents.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
*367 Defendant law firm, Gern, Dunetz, Davison & Weinstein, P.C., appeals from a judgment in a quiet title action that declared that its judgment, against their former client in a matrimonial action, did not constitute a lien on property that client sold after entry of the judgment. The judgment was docketed by the Clerk of the Superior Court in Trenton after the purchase by plaintiffs of the judgment debtor's home, although it had been filed and entered as a judgment in Essex County prior to the purchase. There is no dispute that the plaintiffs were good faith purchasers for value, without actual notice of the judgment.
The facts are not disputed. Indeed, the case was submitted to the trial court on an agreed statement of facts. On July 17, 1989, defendant obtained a judgment against Steven T. Francesco which was signed and filed by a judge in Essex County where the law firm had instituted suit to collect their fee in a matrimonial action. The judgment against Francesco was in the amount of $9,191.64, which represented $6,000 in principal for legal fees owed, plus $3,191.64 in prejudgment interest to June 9, 1989. The judgment was apparently received in the Essex County Clerk's office for processing on or about July 21, 1989, or at least the judgment was placed into the computer records of Essex County on that date. On July 24, 1989, the judgment was entered in the Essex County docket book by the County Clerk and was then sent to the Superior Court Clerk's office in Trenton.
During this time, Francesco was in the process of selling his Hunterdon County home to the plaintiffs. The attorney for plaintiffs ordered a title search through General Land Abstract Company in connection with the purchase from Francesco. On July 27, 1989, plaintiffs' attorney filed a "notice of settlement with the Hunterdon County Clerk" to memorialize a mortgage commitment and a contract of sale pursuant to N.J.S.A. 46:16A-1 et seq. The closing took place on August 4, 1989, and *368 the deed, as well as a mortgage in favor of First Fidelity Bank, N.A., were recorded by the Hunterdon County Clerk on that date. The judgment of the Gern, Dunetz, Davison & Weinstein law firm against Francesco was stamped "recorded as a lien 08-22-89" by the Superior Court Clerk in Trenton and, for the first time, was assigned a "J" docket number,[1]i.e., J-69042-89, which was distinct from the Law Division docket number. A subsequent judgment search showed that the judgment was "entered" by the Clerk of the Superior Court on August 22, 1989.
The parties stipulated that the defendant law firm had no knowledge of Francesco's activities in negotiating the sale of his property or of the conveyance to the plaintiffs until well after the closing. In addition, it was stipulated that the plaintiffs had no knowledge of the Essex County proceedings against Francesco, nor were they put on actual notice that a judgment had been entered against Francesco until after the August 4 closing.
The defendant law firm argues that the motion judge erred in ruling that its judgment did not create a lien upon the premises conveyed to plaintiffs as bona fide purchasers. The judge determined that the judgment would not constitute a lien until it was docketed or "entered" by the Clerk of the Superior Court in Trenton. Since the judgment was not so entered until August 22, 1989, which was after the date that plaintiffs took title, the trial judge concluded that the judgment did not constitute a lien on the property.
The defendant contends that the judgment should be considered a valid lien on the Hunterdon County property then owned by Francesco upon its entry on the Essex County Court's minutes and records by the Essex County Clerk (acting as a Deputy Clerk of the Superior Court) on July 24, 1989. They recognize that the lien is a creature of statute, but rely, in *369 an innovative argument, on the Supreme Court's relaxation of the court rules by a November 28, 1988 order designating Essex County as a "Local Filing Project." This direct filing designation allowed all papers in lawsuits pending in the county to be filed solely with the county clerk, thus obviating the previous duplicate filing requirement which involved the original papers being maintained by the Clerk's office in Trenton and a copy being held in the county. Defendant also relies on the concomitant amendment to R. 4:47 which deals with the entry of judgments.
The lien given a judgment creditor is purely statutory. Joseph Harris & Sons, Inc. v. Van Loan, 23 N.J. 466, 470, 129 A.2d 571 (1957). Any lien that attaches to the lands of a judgment debtor does so solely by virtue of a statute. Ibid. Real property may be levied upon and sold by executions to be issued in satisfaction of money judgments. N.J.S.A. 2A:17-17.
N.J.S.A. 2A:16-1 states from what time a judgment lien may affect or bind real estate. It provides:
No judgment of the Superior Court shall affect or bind the real estate, but from the time of the actual entry of such judgment on the minutes or records of the Court. (emphasis added)
N.J.S.A. 2A:16-11 delineates the duty of the Clerk of the Superior Court in entering judgments. It provides:
The Clerk of the Superior Court shall keep a book known as a civil judgment and order docket in which shall be entered, without any request, an abstract of each judgment or order for the payment of money, including a judgment or order to pay counsel fees and other fees or costs, entered from, or made in, the Superior Court. A judgment or order for the payment of money is one which has been reduced to a fixed dollar amount. Any judgment for periodic payments where a total amount has not been fixed shall not be considered as having been reduced to a fixed dollar amount unless a judgment fixing arrearages has been entered.

The entry required by this section shall constitute the record of the judgment, order or decree and a transcript thereof duly certified by the clerk of the court shall be a plenary evidence of such judgment, order or decree.
The clerk shall also make an entry upon the civil judgment and order docket indicating the nature of every judgment or order and an entry on return showing execution of process and the date when such judgment or order was entered. (Emphasis supplied)
*370 These statutory provisions are in part implemented by R. 4:47 which provides:
Subject to the provisions of R. 4:42-2 (judgment on multiple claims) judgment shall be entered as follows:

(a) Unless the court otherwise orders, the clerk shall forthwith prepare, sign and enter the judgment without awaiting further direction by the court: (1) upon a general verdict of a jury; (2) upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, and
(3) upon a special verdict or general verdict accompanied by answer to interrogatories which is forthwith convertible by the court into a money judgment or a judgment that relief shall be denied.
(b) Where the decision of the court grants other than monetary relief, or is reserved or where a special verdict or a general verdict accompanied by answers to interrogatories is not convertible pursuant to paragraph (a), the court shall promptly approve the form of judgment and the clerk of the court shall enter it.

The notation of a judgment in the Civil Docket constitutes the entry of the judgment, and the judgment shall not take effect before such entry unless the court in the judgment shall, for reasons specified therein, direct that it take effect from the time it is signed, but no such direction shall affect the lien or priority of the judgment. The entry of the judgment shall not be delayed for the taxing of costs. (Emphasis supplied)
We note initially that this was not a case where the Clerk either prepared, signed or entered the judgment. The judge entered the order. Hence, subparagraph (a) does not apply here. The comment to the court rules states with respect to the last paragraph of R. 4:47:
The last unnumbered paragraph of the rule was amended effective January, 1988, to make clear that the judgment takes effect from the date of its entry on the civil docket. The rule had previously and erroneously referred to the civil judgment and order docket, which is reserved only for those judgments having lien status. (Emphasis supplied). [Pressler, Current N.J. Court Rules, Comment R. 4:47].
Defendant raises the novel argument that as a result of the direct filing procedure and the amendment to R. 4:47, its judgment should have statewide lien status as of the date it is docketed by the Essex County Clerk who acts as Deputy Clerk of the Superior Court.[2] Although defendant's argument is *371 innovative and somewhat novel, it is unavailing. It must be borne in mind that there are not only distinctions between signing and entering judgments, but also between filing, recording and docketing. Such distinctions must be kept clearly in focus when considering the laws of conveyancing and real property so that there will be no improper impairment of titles.
The Clerk of the Superior Court is required by statute, N.J.S.A. 2A:16-11, to maintain a book known as "a civil judgment and order docket" which constitutes the record of the judgments in civil cases and provides the basis for establishment of judgment liens. Indeed, N.J.S.A. 2A:16-1 is not inconsistent with the provisions of section 11 because section one states, in the negative, that judgments do not bind or affect real estate prior to the time of the actual entry of such judgment on the minutes or records of the court. It has long been recognized and acknowledged that with respect to statewide judgment liens, only docketing by the Clerk of the Superior Court in Trenton will affect real property throughout the State. Tuohey v. Fall, 91 N.J. Super. 252, 219 A.2d 883 (App. Div. 1966).
The docketing of a judgment for lien purposes is effectuated when a notation is made in the civil docket kept by the Clerk of the Superior Court in Trenton. Once the judgment is "docketed" by the Clerk, it serves as constructive notice to subsequent purchasers, encumbrancers, and others that the judgment constitutes a lien on the title of affected property. Venetsky v. West Essex Bldg. Supply Co., 28 N.J. Super. 178, 186, 100 A.2d 291 (App.Div. 1953); Jones v. Parker, 107 N.J. Super. 235, 258 A.2d 26 (App.Div. 1969).
The policy of the Recording Act is to provide a reasonable limit on the obligation of a purchaser to search the record. Palamarg Realty Co. v. Rehac, 80 N.J. 446, 456, 404 A.2d 21 *372 (1979); Security Pacific Finance Corporation v. Taylor, 193 N.J. Super. 434, 442, 474 A.2d 1096 (Ch.Div. 1984). The very purpose of the Act is to protect those who have made a "reasonable search of the record title." 193 N.J. Super. at 442, 474 A.2d 1096. A bona fide purchaser is chargeable only with what appears in the record. Ibid.
We reject defendant's argument that a title search of all 21 counties for a purchase in Hunterdon County would be reasonable. Such an argument hardly supports the maintenance of the efficiency and integrity of the recording system. See Palamarg Realty Co. v. Rehac, supra, 80 N.J. at 453, 404 A.2d 21. Indeed, not only would such a requirement have a tendency to undermine the recording of land titles, liens and encumbrances, but it would no doubt dramatically increase the cost of examining titles and obtaining title insurance, particularly for small parcels and single family homes. Defendant's position would also make the Clerk's judgment and docket book in Trenton superfluous, except for Mercer County judgments.
Defendant's additional arguments that equitable principles favor the enforcement of its judgment lien is without merit. Defendant contends that the plaintiffs acted in a dilatory fashion. Additionally, defendant contends that plaintiffs had constructive notice that a thorough search was necessary after learning of the numerous judgments against the seller, Francesco. We observe, however, that it might also be said that defendant did not act with all due vigilance in protecting its own interest. See Massaker v. Petraitis, 173 N.J. Super. 459, 414 A.2d 590 (App.Div. 1980).
Until the defendant's judgment was recorded as a lien in the civil judgment and order docket by the Clerk of the Court in Trenton, the lien had no effect outside of Essex County and was not "notice to the world." See Tuohey v. Fall, supra, 91 N.J. Super. 252, 219 A.2d 883. After entry in the Clerk's judgment and order docket it constituted constructive "notice to the world." See Venetsky v. West Essex Building Supply Co., *373 supra, 28 N.J. Super. 197, 100 A.2d 291. We might take judicial notice that for years a Trenton judgment search of the court records in Trenton has been the standard means of determining the existence of judgment liens, and has uniformly been relied upon by buyers, lenders and title companies. Such longstanding practice can hardly be disregarded. Nor can it be affected by adoption of a court rule which has, as its main purpose, convenience to the court and the litigants in filing only one set of papers with the local vicinage and relieving the office of the Clerk of the Superior Court in Trenton of burgeoning paperwork by reducing duplicate filings. The filing of various court papers in the local vicinages was never intended to constitute constructive notice throughout the State of all documents filed. Recording of documents is largely statutory under the recording acts and may give notice in the county, but not beyond, without statutory authorization.
Affirmed.
NOTES
[1] The "J" designation is reserved for judgments.
[2] Of course, the county clerks have acted as deputy clerks of the Superior Court long before the direct filing projects were instituted. See N.J.S.A. 2A:2-15 (L. 1948, c. 368, § 2), repealed and replaced by N.J.S.A. 2A:5A-1 et seq. (L. 1989, c. 296, § 1 and § 7).