774 A.2d 511

FRANKLIN H. LEVER, INDIVIDUALLY, AND AS A PARTNER IN ALL–LIFT MATERIAL HANDLING COMPANY, A PARTNER-SHIP, AND EVELYN LEVER, PLAINTIFFS–APPELLANTS, v. ROBERT THOMAS, T/A BOB'S TRUCKING COMPANY, DEFEN-DANT–RESPONDENT, ALENE THOMAS AND RHONDA THOMAS, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted April 3, 2001—Decided April 26, 2001.

Before Judges PRESSLER, CIANCIA and ALLEY.

*Stern, Lavinthal, Frankenberg, Norgaard & Kapnick,* attorneys for appellants (*Jae Y. Kim,* on the brief).

*Teich, Groh, Frost & Zindler,* attorneys for respondent (*Carol L. Knowlton,* of counsel; *Robert L. Schmidt,* on the brief).

The opinion of the court was delivered by

CIANCIA, J.A.D.

When this matter was presented to the trial court, there were multiple issues relating to the proper application of *N.J.S.A.*

2A:16–49.1, upon a somewhat unique set of facts. On appeal, the issues are much more limited, concerning only standing and the proper weighing of the equities. We are satisfied the trial judge correctly applied the law to the facts and reached the proper result. We affirm substantially for the reasons set forth by Judge Shuster in his written decision. We add only the following comments, required in part because the standing question was not squarely presented to the trial judge and, accordingly, he did not address it in his opinion.

Briefly stated, the facts are as follows. In 1975 plaintiff Franklin H. Lever was in an accident that resulted in serious physical injury. He sued defendant Robert Thomas, trading as Bob's Trucking Company, and in 1979 plaintiff obtained a default judgment in the amount of $350,000. That judgment was docketed in 1979 and it appears a writ of execution issued in 1980. Significantly though, plaintiff did not levy on defendant's real property, including a marital residence at 1316 Riverside Drive, Trenton ("the property").

In 1981 defendant, his wife and the business known as Bob's Trucking Company, filed a Chapter 7 petition in bankruptcy. Plaintiff's debt was not listed, and it is alleged plaintiff was not informed of the proceeding. The bankruptcy, however, was apparently a "no asset" bankruptcy[1] and, therefore, failure to list the debt did not prevent discharge. *Judd v. Wolfe*, 78 *F*.3d 110 (3d Cir.1996). Defendant's personal debt to plaintiff was discharged because there were no applicable statutory exceptions to prevent such a result.[2] 11 *U.S.C.A.* § 523; 11 *U.S.C.A.* § 727(b).

---

[1] Only partial records of the bankruptcy are available to us. Defendant asserts it was a "no asset" bankruptcy and plaintiff does not argue to the contrary. The bankruptcy records that are before us appear to support defendant's characterization.

[2] The property itself was abandoned by the trustee in bankruptcy. It was then appraised at $17,000 and assessed at $9,980. The combined exemptions of

In 1987 defendant and his wife were divorced and all interest in the property went to her.  In 1992 the property was conveyed to a daughter of the marriage, Rhonda A. Johnson (nee Thomas).  The lien was on the property at all times.  Johnson also went into bankruptcy, but in our view that proceeding, including Johnson's failed effort to have the bankruptcy court remove the lien on the property, does not impact the decision in the present case.

In 1997 plaintiff finally obtained an order allowing execution against the property.  Sheriff's sales were scheduled and adjourned several times.  In March 2000 defendant obtained an order to show cause requiring plaintiff to demonstrate why the lien on the property should not be removed pursuant to *N.J.S.A.* 2A:16–49.1. Following a hearing, Judge Shuster found in favor of defendant and pursuant to the statute, issued an order canceling and discharging plaintiff's judgment of record against defendant. The judge further ordered that the pending Sheriff's sale be canceled.  In our view, Judge Shuster's ruling was correct and followed the precedential case law in this State.  *The Party Parrot, Inc. v. Birthdays & Holidays, Inc.,* 289 *N.J.Super.* 167, 673 *A.*2d 293 (App.Div.1996); *Associates Commercial Corp. v. Langston,* 236 *N.J.Super.* 236, 565 *A.*2d 702 (App.Div.), *certif. denied,* 118 *N.J.* 225, 570 *A.*2d 979; 118 *N.J.* 229, 570 *A.*2d 981 (1989).  Indeed, as we have noted, the challenge on appeal is limited to claims that defendant had no standing to utilize *N.J.S.A.* 2A:16–49.1 and that the equities militated in favor of plaintiff.

■  Plaintiff's standing argument, it appears, is that when defendant brought his application pursuant to *N.J.S.A.* 2A:16–49.1, the property with the lien attached was owned by a third person, Johnson, and defendant had no financial stake in it.  Because a levy on the property would not harm defendant as such, he should not be allowed to urge the lien's removal under the statute.  In

defendant and his wife totaled $15,000.  There was a lien on the property, most probably a mortgage, in the amount of $10,575.94.

our view, plaintiff misperceives the statutory relief provided to the defendant and the consequences that flow therefrom.

The final judgment in this case was an order from Judge Shuster that extinguished the judgment of record. The statute by its terms allows an application for such relief *without a time limitation* as to when it may be brought, except that it must be brought not earlier than one year after a discharge in bankruptcy. Defendant had sufficient interest to vacate the judgment if for no other reason than to preclude the judgment from attaching or appearing to attach as a matter of record, to property acquired after defendant's discharge in bankruptcy. Moreover, the judgment appearing as a matter of record, potentially impaired defendant's credit rating. Clearly, in light of this jurisdiction's generous view toward litigational standing, *Crescent Park Tenants Ass'n v. Realty Equities Corp. of New York*, 58 *N.J.* 98, 101–108, 275 *A.*2d 433 (1971), defendant had every right to avail himself of the post-bankruptcy housecleaning provided by *N.J.S.A.* 2A:16–49.1. The statute itself provides in relevant part:

> At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record; and thereupon the clerk of said court shall cancel and discharge the same by entering on the record or in the margin of the record of judgment, that the same is canceled and discharged by order of the court, giving the date of entry of the order of discharge. Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released upon the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy. . . .

Here, the judgment lien *was* "subject to be discharged or released" under the provisions of the bankruptcy code, as we have interpreted that phrase. *Associates Commercial Corp., supra*, 236 *N.J.Super.* at 241, 565 *A.*2d 702. Particularly, we note that no

levy had been perfected prior to bankruptcy and defendant's equity in the marital property was apparently less than his exemption. *Ibid.* Thus by the terms of the statute, when the judgment of record was canceled and discharged the lien could no longer attach to the property. In our view, this result is not altered even though the lien was attached to property that was not then owned by the bankrupt.

This result is also consistent with state law. Under state law, the lien on property that is given to a judgment creditor is purely statutory. *Joseph Harris & Sons, Inc. v. Van Loan,* 23 *N.J.* 466, 470, 129 *A.*2d 571 (1957); *Brescher v. Gern, Dunetz, Davison & Weinstein,* 245 *N.J.Super.* 365, 369, 585 *A.*2d 961 (App.Div.1991); *N.J.S.A.* 2A:17–17 (real estate liable to execution on judgments). It arises only by virtue of a properly docketed judgment. *Brescher, supra,* 245 *N.J.Super.* at 371, 585 *A.*2d 961; *N.J.S.A.* 2A:16–1 and 2A:16–11. As a matter of state law, a lien derives its vitality from the docketed judgment. Implicit in this is that the lien has no independent source of animation. When the judgment dies the lien is also interred.

Nor do we perceive any equitable argument in favor of a contrary result. One maxim of equity is that equity follows the law. This is particularly so with respect to the interpretation of statutes. *Karafa v. New Jersey State Lottery Comm.,* 129 *N.J.Super.* 499, 505, 324 *A.*2d 97 (Ch.Div.1974); *Giberson v. First Nat'l Bank of Spring Lake,* 100 *N.J.Eq.* 502, 507, 136 *A.* 323 (Ch.1927). It has also been said that equity favors the vigilant. *Desiderio v. D'Ambrosio,* 190 *N.J.Super.* 424, 430, 463 *A.*2d 986 (Ch.Div.1983); *Thompson v. Monteiro,* 58 *N.J.Super.* 302, 305, 156 *A.*2d 173 (Ch.Div.1959). Plaintiff's allegations to the contrary, we see no valid reason for the failure to levy on the property in the eighteen months between when the judgment was docketed and when the bankruptcy petition was filed. And, although post-bankruptcy collection efforts may have been defeated, we note that it was approximately sixteen years after defendant's bankruptcy, when the property was owned by a third party not

personally responsible to plaintiff, before plaintiff actually levied on the property. A plaintiff is certainly entitled to collect on a judgment, but an absence of expedition does not assist his equitable claims.

For the reasons stated, the order appealed from is affirmed.