# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5272-18T1

T.R.,

    Plaintiff-Appellant,

v.

B.M., Jr.,

    Defendant-Respondent.

_____

Submitted April 1, 2020 – Decided May 1, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-1144-19.

Muller & Muller, attorneys for appellant (Lynn S. Muller and Steven T. Muller, on the briefs).

Jeffrey Marc Bloom, attorney for respondent.

PER CURIAM

    Plaintiff T.R. appeals from a June 24, 2019 order amending a Final

Restraining Order (FRO) entered against defendant B.M., Jr., adjudicating

issues of property division and the parties' obligation to pay college expenses. We affirm in part, and reverse and remand in part for further proceedings.

The parties began a relationship in 1995. Two children were born of the relationship, a son who is emancipated and a daughter who, at the time of the amended FRO, completed her sophomore year in college. In 1998, the parties purchased a Bergenfield residence titled and later encumbered by a mortgage in both names.

The parties' relationship worsened, which led to domestic violence and entry of an FRO in January 2019. In pertinent part, the FRO stated: "By consent, defendant is permitted to remain in the residence until the house is sold. The house shall be listed for sale immediately." The residence was not listed for sale. In April 2019, plaintiff filed a complaint under the domestic violence docket, which the trial court treated as a motion, seeking partition of the residence and contribution to the daughter's college expenses. Defendant filed a cross-motion seeking financial relief unrelated to this appeal and attached a Case Information Statement (CIS) to his pleadings.

The parties disputed who contributed to the residential expenses, including its purchase. Plaintiff insisted she funded the purchase of the residence and its carrying expenses during the parties' relationship and even after she fled the residence because of domestic violence. Plaintiff also sought

a contribution from defendant to the daughter's college expenses, asserting she paid the expenses. Defendant argued the parties shared the expenses for the residence and the daughter, and the remaining equity in the residence should first be used to pay their daughter's college expenses for her junior and senior years, so she could graduate without debt, and thereafter shared equally by the parties.

The motion judge first heard the matter in May 2019. After the first appearance, the judge entered an amended FRO memorializing the parties' agreement to sell the residence with an agreed-upon broker. The judge ordered the parties to return on a separate date to address the relief sought in defendant's cross-motion and to "determine whether or not an attorney in fact shall be appointed and if the sale proceeds shall be held in escrow." The judge also ordered "both parties shall submit documentation regarding the purchase of the Bergenfield property and payment of [the] mortgage and home equity loan utilize[d] to pay college tuition as well as proof of payment for college tuition that came from the home equity loan."

The parties returned to court in June 2019 and engaged in lengthy oral argument. The judge took limited testimony related only to the cost and payment of the daughter's off-campus housing. The judge entered an amended FRO and in pertinent part ordered:

Defendant shall pay [$2875.50] to [plaintiff] for reimbursement of fall 2017 tuition fees and costs without prejudice and subject to credits being proven by defendant. Effective July 1, 2019[,] both parties to share . . . campus costs for tuition, books, etc. [fifty-fifty] after scholarship, loans, grants, work study and any other form of [financial] aid obtained by [the parties' daughter] in consideration of the [Newburgh v. Arrigo[1]] factors. Effective [July] 1, 2019[,] both parties to give $500.00 to [the daughter] for off campus housing and support. Parties to exchange documentation within [twenty-one] days to [determine] appropriate credit for funds spent on college expenses between fall 2017 and spring 2019.

In the amended FRO the judge also appointed an attorney in fact to

handle the sale of the former marital home. [The attorney-in-fact] shall be paid reasonable attorney's fees out of the sale proceeds at the time of closing. . . . [The] net proceeds [shall] be held in escrow pending a full accounting of home equity loan [disbursements]. Both parties to provide a full accounting within [thirty] days of this order of the funds spent from the home equity line which shall be considered at the time the net proceeds are to be distributed. Net proceeds to be shared equally.

"The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); see also T.M.S. v. W.C.P., 450 N.J. Super. 499, 502 (App. Div. 2017).

---

[1] 88 N.J. 529 (1982).

"On the other hand, where our review addresses questions of law, 'a trial judge's findings are not entitled to the same degree of deference if they are based upon a misunderstanding of the applicable legal principles.'" N.T.B. v. D.D.B., 442 N.J. Super. 205, 215 (App. Div. 2015) (quoting N.J. Div. of Youth & Family Servs. v. Z.P.R., 351 N.J. Super. 427, 434 (App. Div. 2002)). The appropriate standard of review for conclusions of law is de novo. S.D. v. M.J.R., 415 N.J. Super. 417, 430 (App. Div. 2010) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

[T.M.S., 450 N.J. Super. at 502.]

On appeal, plaintiff argues the motion judge misinterpreted the case as one involving equitable distribution and erred as a matter of the law when she found the parties were joint owners. Plaintiff points out the order described the property as "the former marital home" yet the parties were unmarried. She argues the judge erred by permitting hearsay evidence related to the daughter's housing expenses, not requiring defendant to submit a CIS, and adjudicating college expenses using only defendant's paystubs. Plaintiff asserts the judge should have ordered discovery. She contends the judge gave no reasons for appointing the attorney-in-fact. She argues the judge erred by not holding a plenary hearing to address college expenses and division of the real estate.

We disagree with plaintiff's assertion the judge misunderstood this case to involve equitable distribution. Although the deed to the Bergenfield property incorrectly stated the parties held title as a married couple, the record

readily demonstrates the judge was not under the misimpression the parties were married. The judge clearly understood the parties possessed the property jointly.

In Mitchell v. Oksienik, we addressed a property division dispute between an unmarried couple incident to a domestic violence proceeding. 380 N.J. Super. 119, 123 (App. Div. 2005). There, following a post-FRO plenary hearing, defendant appealed from the trial judge's decision to equally divide the net sales proceeds of a residence titled in defendant's name, which the parties occupied during their lengthy relationship. Id. at 123-126. Specifically, defendant argued

> the trial court erred in utilizing the statutory equitable distribution rationale in distributing property of a non-married couple[, . . .] and exceeded its jurisdiction in ordering the sale of the property and awarding [plaintiff] a one-half interest therein under the [Prevention of Domestic Violence Act,] which is the basis for the jurisdiction [that] exists in this action.
>
> [Id. at 126-27 (third alteration in original) (internal quotations omitted).]

We affirmed and held "[a]s joint venturers, the parties are entitled to seek a partition [including sale] of their property when their joint enterprise comes to an end . . . ." Id. at 127. We stated: "To deny co-habiting but unmarried persons the legal and equitable remedies generally available would be unfair and unwise." Id. at 128.

6

Importantly and relevant to the issues raised on this appeal we stated:

> Our review of the trial court's oral opinion discloses that the court did not apply equitable distribution principles to the case at bar. Rather, the court made factual findings and, within its general equity powers, determined, based upon the facts establishing a joint enterprise, that the parties had equal interests in the real property.
>
> . . . At the plenary hearing, in the light of his factual findings that a joint enterprise existed, [the trial court] concluded that plaintiff was "entitled equitably to an equal share of the value of this house[.]" It is beyond question that the trial court determined the real property to be an asset of the joint enterprise it had found to exist.
>
> Based upon the evidence proffered, and explicitly in the context of showings that had not been made, the court also found that both parties had made equal contributions to the purchase and maintenance of the real property. . . .

[Id. at 129.]

Here, there is no credible dispute regarding title or the existence of a partnership. The residence was held in joint names, the parties were involved in a long-term relationship, raised two children to adulthood, and funded their educations, utilizing in part the equity in their residence. In this regard, in recognition of the parties' partnership, the judge's decision was not erroneous. However, what is lacking is a record on which we can discern whether an equal division of residence was appropriate. For these reasons, we are

constrained to reverse and remand the finding regarding the equal division of the residence for a plenary hearing and further findings by the motion judge.

Regarding the college expenses, the judge's findings addressed the Newburgh factors. However, the findings related to the third Newburgh factor, pertaining to the amount of the contribution sought, offer no explanation for her conclusion why the evidence did not support plaintiff's claim that she paid for all the daughter's college expenses to date, requiring defendant to reimburse plaintiff only for the fall 2017 tuition. Plaintiff filed a certification addressing the Newburgh factors, and her certification noted there were records attached, yet the judge concluded plaintiff offered no proof of the expenses and did not explain what was lacking. Regardless, we glean from the record and the resultant order that the judge intended the parties share in the entirety of the daughter's college expenses equally.

We agree with the motion judge the preponderance of the Newburgh factors favor an equal contribution to the expenses after application of the daughter's work-study income, grants, scholarships, and financial aid. The judge's order regarding the payment for the off-campus housing also does not constitute an abuse of discretion. Because the judge's order contemplated the parties exchange documentation related to their respective credits for the payment of college, we suggest such an accounting occur after sale of the

residence. If the parties are unable to resolve the issue of credits for all four years of the daughter's college, this issue should be joined for trial with the dispute regarding the division of the residence.

Because we remand the matter for reconsideration, we do not reach plaintiff's argument the judge erred by deciding the matter without permitting discovery. Defendant notes plaintiff was afforded ample opportunity to formally seek discovery and controlled the evidence related to the credits she sought in order to achieve an unequal division of the equity in the residence. Notwithstanding, because of the remand, the judge will have the discretion to determine the extent and nature of the discovery necessary. See Major v. Maguire, 224 N.J. 1, 24 (2016) (holding "[w]hether the case is designated as complex or handled as a summary action, Family Part judges have broad discretion to permit, deny, or limit discovery in accordance with the circumstances of the individual case.").

The record amply supports the judge's decision to appoint an attorney in fact to sell the residence and handle the net proceeds. For reasons unknown, the parties failed to comply with their own agreement to sell the residence after the court ordered it in the initial FRO. Moreover, even with able counsel, we can readily understand how the existence of an FRO, and defendant's occupancy of the residence, complicated a transaction that can require much

interaction between the parties. The judge had the inherent ability to enforce her own orders. Joseph Harris & Sons, Inc. v. Van Loan, 23 N.J. 466, 469 (1957). She did not abuse her discretion by enforcing her order and appointing an attorney in fact to facilitate the sale of the residence.

Finally, to the extent we have not addressed plaintiff's other arguments it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION