METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, RESPONDENT, v. JAMES CIMINO, SHERIFF OF ATLANTIC COUNTY, AND SOUTH PHILADELPHIA LOAN ASSOCIATION, APPELLANTS.

Submitted May 15, 1931—Decided November 18, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the respondent, *Endicott & Endicott.*

For the appellants, *Barney B. Brown (Carl Kisselman,* of counsel).

The opinion of the court was delivered by

CASE, J. The appeal is by James Cimino, sheriff of Atlantic county, and South Philadelphia Loan Association, defendants, from a judgement entered in the Atlantic County Circuit Court on a direction of verdict granting possession to the plaintiff of various articles of machinery and equipment that had formerly been the property of a partnership consisting of Antonio Pescatore, Peter Mazzola and Sebastiano Rainone, doing business under the firm name of Interstate Engineering and Construction Company. That partnership was engaged in construction work and, having been awarded the construction of a portion of a state highway by the state highway commission of the State of New Jersey, gave bond to the state highway commission with the plaintiff, Metropolitan Casualty Insurance Company of New York, as surety. An agreement of indemnity was entered into at that time

whereby the partnership, in terms, conveyed to the Metropolitan Casualty Insurance Company all the tools, plant equipment and materials that the partnership then had or might thereafter have upon the work, but this instrument was not accompanied by a change of possession. Later the partnership found itself unable to complete the work and thereupon, under date of December 1st, 1926, by an instrument signed "Interstate Engineering Construction Company. By Antonio Pescatore," authorized the surety to take charge of and complete the work and to "hold title to said machinery and equipment as security for such payments as you may have made for and on account thereof by money advanced by you and when our said contract is completed and upon payment to you of what you have paid for and on account of such machinery and equipment to turn same over to us, you of course to have a right to sell the said machinery in the event of our not repaying you within thirty days after completion of contract what you have paid with your own money on account of said machinery." This instrument was accompanied by an actual transfer of possession of the complete machinery and equipment to the surety, who thereupon proceeded to complete the contract and to disburse large sums of money in that behalf.

· South Philadelphia Loan Association caused a writ of attachment to issue upon an affidavit that "Sebastiano Rainone is indebted to the South Philadelphia Loan Association in the sum of $4,500 * * * and he also has a one-third interest in a partnership firm bearing the name of 'Interstate Engineering and Construction Company.'" The writ thus issued was followed by an attachment at the hands of James Cimino, sheriff, on the machinery of the partnership. The judgment finally entered in that proceeding was solely against Sebastiano Rainone. Meanwhile, plaintiff has instituted replevin proceedings to recover possession of the articles levied upon under the writ of attachment. The replevin was contested by the sheriff and the attachment creditor, and it is from the judgment entered in that proceeding that the present appeal lies.

The appellants present five points, of which we consider only one for the reason that, in our opinion, that one is dispositive of the appeal. Appellants allege that the trial court erred in directing a verdict in favor of the plaintiff. We think that the trial court correctly ruled and for these reasons: The plaintiff asserted and substantially proved that it held the goods as pledgee. The appellants did not in their answer to the replevin suit set up, specially, property in the appellants or in anyone else. *Hunt* v. *Chambers,* 21 *N. J. L.* 622; 22 *Id.* 552. The attachment was under a claim of the attaching creditor against Sebastiano Rainone and not against the partnership. The Uniform Partnership act (An act concerning partnerships and to make uniform the law relating thereto (*Pamph. L.* 1919, *ch.* 212, *p.* 489; 2 *Cum. Supp. Comp. Stat., p.* 2659), provides in section 25, subdivision "c:" "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." We thus have the situation that although the claim of the attaching creditor is exclusively against an individual partner and not at all against the partnership, as such, the appellants have, contrary to the express terms of the statute, attempted to attach specific partnership property. The articles were not subject to the levy sought to be impressed upon them and jugment below will therefore be affirmed.