105 N.J. Super. 468 (1969)
253 A.2d 180
PAUL E. SCHULTZ, PLAINTIFF-APPELLANT,
v.
ROBERT ZIEGENFUSS AND JOSEPH S. HOLLAND, SHERIFF OF MERCER COUNTY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 21, 1969.
Decided May 13, 1969.
*469 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Robert M. Dix argued the cause for appellant (Messrs. McCarthy, Bacsik, Hicks & Dix, attorneys).
Mr. John J. Barry argued the cause for respondent Robert Ziegenfuss.
The opinion of the court was delivered by KILKENNY, J.A.D.
Is a judgment against two defendants, as individuals, a lien upon entry of the judgment against partnership real estate conveyed to and owned by the partnership in the partnership name, if the individuals are the members of the partnership? That is the basic legal question involved in this appeal.
There is no substantial dispute as to the facts. Plaintiff purchased 44 acres of vecant land from a partnership known as Erick G. Tobiason and Harold G. Tobiason, partners trading as Erick G. Tobiason & Son. The lands had been conveyed to the partnership as such, in its designated partnership name, and was so owned of record by said partnership for 14 years prior to the purchase by and conveyance to plaintiff.
Title closed on November 14, 1967 by deed of conveyance out of the partnership to plaintiff, at which time plaintiff paid over the balance of the purchase price of $31,500 to the partnership for the partnership's warranty deed concurrently delivered. Plaintiff acted in good faith and without any actual knowledge that on November 13, 1967, just one day before the title closing, defendant had obtained a judgment by default in the Superior Court against Erick G. Tobiason and Harold G. Tobiason in their individual names. The default judgment was based on a promissory note executed by *470 the Tobiasons in their individual names only. Neither the complaint nor any other papers in that suit indicated that the action was for a partnership debt. The amount of the note was $2,788.09. It was dated June 15, 1966 and makes no reference to the partnership. It purports to be solely a note signed by the two individual makers and is payable to the order of defendant herein, Robert Ziegenfuss.
Defendant sought to levy execution under his judgment and sell the lands purchased by plaintiff from the partnership. Plaintiff sued to restrain this execution sale on the ground that defendant never obtained a lien on these lands purchased by plaintiff. A temporary restraint obtained by plaintiff was thereafter vacated and judgment was entered denying the relief sought by plaintiff. And now plaintiff prosecutes this appeal from the judgment denying a restraint of an execution sale of the lands purchased by him from the partnership, as such.
The trial court took the view that while the judgment was against the individuals only, the obligation was a debt of the partnership and, since the partners were sued, albeit as individuals and without any recital that it was an action based upon a partnership obligation, the judgment was valid against the partnership and constituted a lien against land in the name of the partnership. The court relied upon an affidavit by defendant in the present cause that the judgment arose out of a partnership obligation. The trial court concluded that a judgment search should run against the individual partners, whenever title is owned by a partnership as such, on the theory that "transactions which appear to be in the partners' individual capacity may result in liability to the partnership." It held that, if the debt sued upon was that of the partnership, the resulting judgment is "valid against the partnership."
The trial court also laid stress upon the common law rule that in order to sue a partnership it was necessary to make all the partners parties defendant, citing 68 C.J.S. Partnership, § 209. It also quoted from 40 Am. Jur., Partnerships, § *471 434, to the effect that, in the absence of statute, "partners cannot be sued in the firm name, but must be sued in their individual names." It then stated that no reference was made to any change in the common law rule "and no authority has been found in New Jersey which changes the rule." From this finding it concluded that "the partnership was correctly sued and the judgment was valid" and a lien against the partnership realty.
We disagree. Our present rules of court, which control in matters of practice and procedure, Winberry v. Salisbury, 5 N.J. 240 (1950), have changed the common law rule that all legal actions concerning partnership matters must be maintained by and against the individual partners. X-L Liquors, Inc. v. Taylor, 17 N.J. 444, 455 (1955). The common law rule has yielded to the fact that partnerships "came to be widely regarded as separate entities by men in their business affairs and legislatures and courts began to make inroads into the common-law doctrine. Although the Uniform Partnership Law (R.S. 42:1-1 et seq.) did not make partnerships jural persons for all purposes, it did treat them as such for many purposes." Id., at p. 455. The court concluded in X-L Liquors that plaintiffs may maintain actions against partnerships "without necessarily naming the individual partners as defendants." (At p. 456). Reference was made to R.R. 4:4-4(e), which provides unconditionally that summons and complaint may be served "upon a partnership" by serving a partner or a managing agent or an officer. Thus, for procedural purposes "all partnerships may be considered as entities suable in their firm names." Ibid.
The separate jural entity of a partnership is well recognized with reference to partnership realty under the Uniform Partnership Law. R.S. 42:1-8(1) notes that all property acquired by purchase or otherwise on account of the partnership "is partnership property." Unless the contrary intention appears, "property acquired with partnership funds is partnership property." R.S. 42:1-8(2). Subdivisions (3) *472 and (4) make similar recognition of the partnership's separate entity, when they provide:
"3. Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name.
4. A conveyance to a partnership in the partnership name, through without words of inheritance, passes the entire estate of the grantor unless a contrary intent appears."
Further statutory evidence of a partnership's separate jural entity in the ownership of partnership real estate may be found in R.S. 42:1-10, which sets forth rules relating to the conveyance of title to real property of a partnership; in R.S. 42:1-25, which establishes the special kind of tenancy in partnership property as a tenancy by the co-partnership, provides for vesting of title, upon the death of a partner, in the surviving partner or partners, and states that a partner's right in specific partnership property "is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin." Even more specifically, subdivision (c) of this section provides:
"A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." (Emphasis added)
Finally, R.S. 42:1-26 expressly provides:
"A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."
The separate jural entity of a partnership is noted in Mazzuchelli v. Silberberg, 29 N.J. 15 (1959), wherein the Supreme Court said that "the uniform law is consistent with the entity approach for the purposes of facilitating transfers of property, marshalling assets, and protecting the business operation against the immediate impact of personal involvements of the partners." (At p. 21)
*473 In Felice v. Felice, 34 N.J. Super. 388 (App. Div. 1955), a workmen's compensation case, the partnership employer was deemed to be a separate entity from the individuals who composed the partnership. We deemed significant, as noted above, that the partnership's separate entity is manifested by many provisions of the Uniform Partnership Law, including R.S. 42:1-25, which provides that partnership owned property is not "subject to attachment or execution on a claim against an individual partner but only on actions against the partnership." (At p. 391; italics added)
The action herein was against the individuals only and the judgment was limited to the individuals only. It was not an action against the partnership. Therefore, the partnership property in the partnership name was not subject to "attachment or execution" to satisfy a judgment against individuals only, despite their membership in the partnership. R.S. 42:1-25, subd. 2(c). The judgment was not a lien on partnership realty.
As noted above, defendant judgment creditor filed an affidavit in this action on July 26, 1968, wherein he set forth the circumstances under which he received the note from the Tobiasons and thereby sought to establish that the note signed by the Tobiasons only as individuals was the result of a partnership transaction. Plaintiff properly objected that such an affidavit could not be used to change the formal record judgment of the court. Especially was this so when the rights of an innocent purchaser for value had intervened between the judgment against the individuals only and this newly offered evidence.
The judgment in the instant action is reversed and the matter is remanded to the Chancery Division for entry of a judgment restraining execution and sale of plaintiff's lands acquired from the partnership to satisfy the judgment against the individual judgment debtors of record.