Paul J. Widlitz, J.
On or about August 26, 1966, Carnell Construction Corp. (Carnell) and Die Concrete Corp. (Die) entered into a joint venture for the performance of certain work. The joint venture opened a bank account with the defendant Valley National Bank of Long Island (Valley). The usual resolutions were filed with the bank indicating the authorized .signatures on checks of the joint venture and other commercial paper. On December 1, 1966, the joint venture purchased a negotiable certificate of deposit from Valley for $100,000, and on December 29, 1966, it purchased another negotiable certificate of deposit for $100,000. The two certificates of deposit were indorsed in blank by an officer of Carnell and by an officer of Die and left with Valley. On September 12, 1966, Carnell had renewed a note of $35,000 to Valley due December 12, 1966. On December 12, 1966, that note was not paid, but Carnell borrowed an additional $50,000 from Valley due January 16, 1967. Carnell defaulted on both notes. On March 1, 1967, Valley set off, against the certificates of deposit held by it, $85,827.50 representing the amount due it on the two Carnell notes plus interest and credited $117,253.17 to the account of the joint venture.
*624 On May 31, 1967, Carnell filed a petition for an arrangement with its creditors. In that proceeding, James E. Master-son was appointed receiver. He brought a turnover proceeding against Valley. It moved to dismiss the proceeding, but the motion was denied by the Referee in Bankruptcy, Hon. William Lipkin. Valley brought on a petition to review that dismissal before the United States District Court, and Judge James A. ■Coolahan reversed the Referee in Bankruptcy and dismissed the petition for turnover on May 9, 1969. This latter ruling was subsequently affirmed by the United States Court of Appeals for the Third Circuit by a unanimous decision which in effect held that Valley’s setoff was not a preference under the Bankruptcy Act, and that the Referee in Bankruptcy lacked jurisdiction of the turnover proceeding (see Matter of Carnell Constr. Corp. v. Valley Nat. Bank of Long Is., 424 F. 2d 296). Thereafter certiorari to review was denied by the United States Supreme Court (400 U. S. 828).
Since Carnell’s arrangement proceeding was disallowed under chapter 11 of the Bankruptcy Act (U. S. Code, tit. 11, § 701 et seq.). Carnell was thereafter adjudicated a bankrupt and Masterson (the receiver in the chapter 11 proceeding) along with Martin C. Mareiniss and Joseph F. Walsh (trustees) were appointed trustees of Carnell. The trustees then commenced this action against Valley and the joint venture seeking to recover the sum of $85,827.50 on behalf of the joint venture. Before answer, Valley moved to dismiss the complaint pursuant to paragraph 5 of subdivision (a) of CPLR 3211 on the ground that the cause of action was barred by the doctrine of res judicata. In that motion, Valley contended that the proceeding in the Federal court, which was dismissed, was a bar to plaintiffs’ maintaining this action. That motion was denied June 2, 1971 and the denial subsequently affirmed by the Appellate Division, Second Department, January 17, 1972 (Masterson v. Valley Nat. Bank of Long Is., 38 A D 2d 795).
In its answer, Valley pleads the usual denials of the allegations of the complaint and has set up as an affirmative defense res judicata. This defense is based upon the same facts that were before the court on the paragraph 5 of subdivision (a) of CPLR 3211 motion to dismiss. Plaintiffs now move for summary judgment seeking to strike Valley’s answer and affirmative defense. Defendant Valley cross-moves for summary judgment. Defendant Carnell-Dic Joint Venture joins plaintiffs on the motion for summary judgment.
*625 A joint venture is a special combination of persons or other entities to carry on .some specific enterprise for a profit. Although it is not a partnership, the relationship between the joint venturers is in the nature of a partnership (Forman v. Lumm, 214 App. Div. 579, 583). Since the relationship of the joint venturers is so similar to a partnership, the rights, duties and liabilities of the parties to the joint venture are tested by rules analogous to those which govern partnerships (Gluck & Co. v. Tankel, 12 A D 2d 339, 345; May v. Hettrick Bros. Co., 181 App. Div. 3, 13, affd. 226 N. Y. 580). In a partnership, a general partner may not pledge the credit or assets of the partnership for his personal obligations without the consent of the other partners (Union Nat. Bank of Rahway v. Underhill, 102 N. Y. 336, 340; Mason v. Public Nat. Bank & Trust Co. of N. Y., 262 App. Div. 249, 254). By analogy, Carnell could not pledge the assets of the joint venture with Valley as .security for its obligations to Valley without the consent of Die, its coventurer. If, on the other hand, the transaction with Valley was done with Die’s consent, then the assets of the joint venture could be used to offset the debt due the bank from Carnell.
From the papers before the court, it is unclear as to the reason for the delivery of the certificates of deposit indorsed in blank to the bank. Neither is it clear as to the exact date of delivery. Valley says that they were indorsed and left with them in December, 1971. Carnell and Die say that they were indorsed and delivered in March. If the two certificates of deposit were left with the bank as security, Valley knew that Carnell was delivering assets of the joint venture, which would put it on notice that Carnell might be improperly pledging joint venture assets for Carnell’s obligations. Under such circumstances, the pledge is improper and not binding on the joint venture (Union Nat. Bank of Rahway v. Underhill, supra). If, on the other hand, the delivery of the assets indorsed by Carnell and Die, in blank, was a delivery of assets of the joint venture with the knowledge and consent of the joint venture, as security for Carnell’s obligation to Valley, then the setoff by Valley was proper and plaintiffs cannot recover. Thus, there arise issues of fact to be resolved at a trial, and a motion for summary judgment must be denied (Weiss v. Garfield, 21 A D 2d 156).
Insofar as Valley’s affirmative defense of res judicata is concerned, that must be stricken. Having moved for dismissal of the complaint under paragraph 5 of subdivision (a) of *626 CPLB 3211, it is precluded from pleading res judicata as an affirmative defense. Subdivision (e) of CPLB 3211 allows a party to either move to dismiss a pleading on the ground that a cause is barred by res judicata before a responsive pleading is served, or, that it be pleaded as an affirmative defense in the responsive pleading. It does not permit both a motion to dismiss and then, if the party is unsuccessful on the motion, to plead res judicata as an affirmative defense in a responsive pleading. When Valley moved to dismiss and that motion was denied, it waived its right to raise res judicata as an affirmative defense in its answer (see, order dated June 2, 1971, denying mot. under CPLB 3211 [subd. [a], par. [5], affd. by App. Div., 2d Dept., Jan. 17, 1972, 38 A D 2d 795, supra). That decision, that the issue had not been determined in the Federal court proceeding on the merits, became the ‘ ‘ law of the case. ’ ’
Accordingly, plaintiffs’ motion for summary judgment is granted only to the extent of striking Valley’s affirmative defense of res judicata, with leave to Valley, should it be so advised, to serve an amended answer within 10 days after the order to be settled herein is entered, pleading an affirmative defense of right of setoff; and the motion is in all other respects denied. Defendant’s cross motion for summary judgment is denied.