MONSANTO EMPLOYEES FEDERAL CREDIT UNION, PLAINTIFF, v. EARL HARBISON AND BARBARA HARBISON, DEFENDANTS, AND CONTINENTAL TITLE INSURANCE COMPANY AND COMMONWEALTH LAND COMPANY, INTERVENOR-DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 8, 1986—Decided April 22, 1986.

Before Judges ANTELL, MUIR and ASHBEY.

*Thomas and Cook,* attorneys for appellant (*Charles Crabbe Thomas* on brief).

*Brandt, Haughey, Penberthy, Lewis & Hyland,* attorneys for respondents.

The opinion of the court was delivered by,

ANTELL, P.J.A.D.

The question presented by this appeal is whether real property conveyed to an innocent purchaser for value is encumbered by the lien of an attachment issued prior to, but recorded after, the conveyance. The material facts are not in dispute.

On October 27, 1982 complaint herein was filed and a writ of attachment issued upon lands owned by defendants Earl H. Harbison and Barbara L. Harbison at 207 Evergreen Avenue in the Township of Mantua. Both the order directing issuance of the writ and the writ itself, which was issued the same day by the county clerk, were stamped "Filed October 27, 1982" by the issuing judge. Although the county clerk was obliged by *R.* 4:60–6(b) to forward a copy of the writ to the office of the Superior Court Clerk in Trenton "on the same day," the writ was not in fact docketed with the Superior Court Clerk until November 24, 1982.[1] The reason for the delay is unexplained. On November 10, 1982 the Harbisons conveyed the property to

---

[1] It is noted that the defendants' name is incorrectly spelled on the writ as Harbinson.

Ralph Brill and that deed was recorded November 16, 1982. The focus of our inquiry is on whether the later-recorded attachment constitutes a lien on the conveyance to Brill. The Law Division held that it did not and we agree.

*N.J.S.A.* 2A:26–9 provides that an attachment forms a lien on the real estate of a defendant "from the time of its issue." That section of the attachment statute further provides that "the defendant cannot thereafter assign, transfer or convey the same or any interest therein," and that "[a]ll conveyances by the defendant pending the attachment shall be void against the plaintiff." However, the succeeding section, *N.J.S.A.* 2A:26–10, reads as follows:

> Any conveyance or transfer of the attached real estate or any interest therein, *made after the filing of the attachment,* shall be void as against the plaintiff, the judgment, and the execution issued thereon, unless the attachment has been released. [Emphasis ours].

We read the two statutes *in pari materia* to prescribe recordation of the attachment as a condition to its validity as against good faith purchasers for value. Reinforcing this interpretation, *R.* 4:60–6(b) expedites the giving of constructive notice by directing the county clerk to forward a copy of the writ to the office of the Superior Court Clerk in Trenton on the same day that the writ is issued. While it is not suggested that the delay in recording the writ is attributable to the fault of plaintiff, the decisive fact is that under *N.J.S.A.* 47:1–1 notice of an attachment becomes effective only as of the time of the "actual entry, filing or recording of the same."

*Noyes v. Estate of Cohen,* 123 *N.J.Super.* 471 (Ch.Div.1973), relied upon by plaintiff, is not relevant hereto. The claim there considered and rejected by the court was that plaintiff's failure to file a *lis pendens* prevented his writ of attachment from prevailing over a later conveyance to defendants. The conveyee-defendants argued that without a *lis pendens* "defendants had no notice or knowledge of the claim against the land which they were purchasing," *id.* at 476 but it was twice noted by the court at pages 474 and 478 that the writ of attachment was

issued and filed with the Clerk of the Superior Court on the same day. In contrast to the facts hereof, defendants' constructive notice of that lien was clear.

The result here reached is consistent with the general rule that a subsequent purchaser without notice of a prior unrecorded conveyance or instrument affecting title enjoys the protection of the recording acts. 92 *C.J.S.*, *Vendor & Purchaser* § 345 at 270. Addressing itself to a similar problem, the court in *Palamarg Realty Company v. Rehac*, 159 *N.J.Super.* 287, 293 (App.Div.1978), vacated on other grounds, 80 *N.J.* 446 (1979), observed that the "fundamental purpose of our recording legislation is clearly to provide stability and certainty in land ownership by permitting subsequent takers in a chain to rely on what the record shows." Also pertinent is the following statement of the court in *Venetsky v. West Essex Bldg. Supply Co.*, 28 *N.J.Super.* 178, 187 (App.Div.1953):

Where it is made to appear that one has acquired title to property and has paid a valuable consideration therefor, the purchaser is presumed to be a *bona fide* purchaser for value without notice until the contrary appears, and the burden of showing to the contrary rests upon the party alleging that title was acquired by the purchaser with notice of an outstanding equity or claim.

As the court stated in *Solomon v. Canter*, 113 *N.J.Eq.* 43, 45 (E. & A.1933), the "very purpose of the recording acts is the protection of purchasers and encumbrancers of real property against undisclosed titles and liens."

Applicable too is the equitable maxim that where a loss must be borne by one of two innocent parties equity will impose the loss on that party whose act first could have prevented the loss. *Zucker v. Silverstein*, 134 *N.J.Super.* 39, 52 (App.Div.1975); *Stone v. Limouze*, 111 *N.J.Eq.* 421, 423 (E. & A.1932). Although plaintiff was not legally obligated to superintend the filing of the writ in the office of the Superior Court Clerk, it was within its power to monitor the situation by timely inquiring of the clerk whether the writ had actually been received for filing in that office.

Affirmed.