640 A.2d 852

DIANE M. FLIEGEL, ADMINISTRATRIX OF THE ESTATE OF WILLIAM K. FLIEGEL, PLAINTIFF–APPELLANT, v. VINCENT SHEERAN AND DALLAS SHEERAN, DEFENDANTS–RESPONDENTS, AND CHASE MANHATTAN PERSONAL FINANCIAL SERVICES, INC., FRANK C. YACONIS, CANDACE E. YACONIS, THE PRUDENTIAL HOME MORTGAGE COMPANY, INC. AND THE PRUDENTIAL SAVINGS BANK, F.S.B., DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued February 23, 1994—Decided April 19, 1994.

Before PRESSLER,[1] BROCHIN and KLEINER, JJ.

*Bruce H. Dexter* argued the cause for appellant (*Fasolo, Krause & Dexter,* attorneys; *Robert S. Krause* and *Mr. Dexter,* on the brief).

*Dennis M. Gonski* argued the cause for respondents.

The opinion of the court was delivered by

BROCHIN, J.A.D.

    Plaintiff Diane M. Fliegel, administratrix, filed a complaint seeking a declaration that she has a valid lien against real property of defendants Vincent and Dallas Sheeran. The Chancery Division entered an order for summary judgment [2] dismissing her complaint. Plaintiff appeals.

---

[1] Judge Pressler did not participate in oral argument, but has, with the consent of counsel, been added to the panel deciding this matter.

[2] The order appealed from was entered on the motion of defendants Vincent and Dallas Sheeran, the only named defendants upon whom process was served, to dismiss plaintiff's complaint for failure to state a claim for which relief could be granted. The motion and the plaintiff's response relied in part upon docu-

The limited record on the basis of which the summary judgment was granted shows the following facts:

On February 28, 1990, a grantor unrelated to this lawsuit conveyed a tract of land in Bergen County, New Jersey, to a grantee identified by the deed of conveyance as "Banjo–Newstar, a joint venture." On February 3, 1992, a Superior Court judgment for $128,200 was entered in favor of Diane M. Fliegel, administratrix, and against "Newstar Development Corp., a New Jersey Corporation." On October 9, 1992, part of the Banjo–Newstar tract was conveyed to defendants Vincent and Dallas Sheeran by a deed which identified the grantor as "Banjo–Newstar, a joint venture, by Newstar Development Corp., managing venturer." To satisfy Fliegel's judgment against Newstar Development Corp., the Bergen County Sheriff levied on the "right, title and interest, if any of ... Newstar Development Corp., a New Jersey Corporation," in the Sheerans' property on January 22, 1992.

The defendants' property is subject to the lien of plaintiff's judgment only if the property could be sold to satisfy the judgment. *Jeffrey v. Moran,* 101 *U.S.* 285, 25 *L.Ed.* 785 (1879); 46 *Am.Jur.*2d *Judgments* § 237 (1969). Judge Arthur J. Lesemann, J.S.C., sitting in the Chancery Division, held that the property was not subject to sale because partnership principles were applicable to protect real property of a joint venture from levy and execution to satisfy the individual debt of one of the joint venturers. *Cf. Schultz v. Ziegenfuss,* 105 *N.J.Super.* 468, 473, 253 *A.*2d 180 (App.Div.1969) (judgment against two of several partners was not a lien on partnership property).

On appeal, plaintiff argues that partnership law is inapplicable. She contends that property of a partnership is protected only because protection is conferred on it by statute, *N.J.S.A.* 42:1–25. *See Metropolitan Casualty Ins. Co. v. Cimino,* 108 *N.J.L.* 243, 157

---

ments other than the pleadings. The motion therefore became a motion for summary judgment. *R.* 4:6–2.

*A.* 152 (Sup.Ct.1931). Plaintiff emphasizes that Banjo–Newstar is not a partnership, but a joint venture. Therefore, she maintains, Newstar Development Corp., as one of the joint venturers, owned only a tenancy in common in the joint venture's real estate. She claims that, because there is no statutory protection for joint venture property, she has the right to seize and sell Newstar Development Corp.'s interest in the land to satisfy her judgment.

In response, defendants argue, as Judge Lesemann held, that joint venture property is entitled to the same protection as partnership property. In addition, defendants contend that their land is not subject to plaintiff's judgment lien because they purchased the property in good faith from Banjo–Newstar, a joint venture, without actual knowledge of plaintiff's claim and without any constructive notice of it because the judgment does not list Banjo–Newstar as a defendant.

No New Jersey decisions have been cited to us, and we have found none, which have expressly considered whether property owned in the name of a joint venture can be sold to satisfy individual debts owed by fewer than all of the joint venturers. But decisions from other jurisdictions which have considered the question hold that the interest of a joint venturer in specific property, like the interest of a partner, cannot be reached by attachment or execution sale to satisfy an individual judgment debt that is not the obligation of the joint venture. *See, e.g., Century Bank v. Gillespy,* 399 *So.*2d 1109 (Fla.Dist.Ct.App.1981) (judgment against one joint venturer alone does not constitute a lien against land held by the joint venture under a conveyance to it in the joint venture name); *Milberg Factors, Inc. v. Hurwitz–Nordlicht Joint Venture,* 676 *S.W.*2d 613 (Tex.Ct.App.1984) (warehouse owned by a joint venture is not subject to attachment for debt of joint venturer); *cf. In re Groff,* 898 *F.*2d 1475 (10th Cir.1990) (security interest in joint venturer's after-acquired cattle to secure his individual debt does not extend to cattle of his joint venture); *Madison Nat'l Bank v. Newrath,* 261 *Md.* 321, 275 *A.*2d 495 (1971) (a joint venturer cannot validly create security interest

in specific property of joint venture to secure his individual debt); *Masterson v. Valley Nat'l Bank*, 70 *Misc.*2d 623, 334 *N.Y.S.*2d 356 (Sup.Ct.1972) (same). For the following reasons, we agree with those decisions and hold that the rule which they exemplify was properly applied in the present case.

"Joint venture" and the older, equivalent term, "joint adventure," have been said to refer to an "amorphous concept" denoting "a business venture more limited in its objective than a partnership." *Grober v. Kahn*, 47 *N.J.* 135, 147, 219 *A.*2d 601 (1966).[3] However, despite the *dicta* implying a legal distinction between joint ventures and partnerships, New Jersey cases decided since the 1919 enactment of the Uniform Partnership Law almost invariably hold that joint ventures are subject to the same legal rules as partnerships. *See, e.g., Walter v. Holiday Inns, Inc.*, 784 *F.Supp.* 1159, 1167 (D.N.J.1992), *aff'd*, 985 *F.*2d 1232 (1993); *Hellenic Lines, Ltd. v. Commodities Bagging & Shipping, Process Supply Co., Inc.*, 611 *F.Supp.* 665, 679 (D.N.J.1985); *Silverstein v. Last*, 156 *N.J.Super.* 145, 152, 383 *A.*2d 718 (App.Div.1978); *Kozlowski v. Kozlowski*, 164 *N.J.Super.* 162, 171, 395 *A.*2d 913 (Ch. Div.1978), *aff'd*, 80 *N.J.* 378, 403 *A.*2d 902 (1979); *68th St. Apts., Inc. v. Lauricella*, 142 *N.J.Super.* 546, 559 n. 2, 362 *A.*2d 78 (Law Div.1976), *aff'd*, 150 *N.J.Super.* 47, 374 *A.*2d 1222 (App.Div.1977); *Wiley v. Wirbelauer*, 116 *N.J.Eq.* 391, 393, 174 *A.* 20 (Ch.Div. 1934); *Jackson v. Hooper*, 76 *N.J.Eq.* 185, 197–98, 74 *A.* 130 (Ch.Div.1909), *rev'd on other grounds*, 76 *N.J.Eq.* 592, 75 *A.* 568 (1910).

A partnership is an association of persons who have "join[ed] together their money, goods, labor or skill for the purpose of carrying on a trade, profession, or business, and where there is a community of interest in the profits or losses...." *Farris v. Farris Eng'g Corp.*, 7 *N.J.* 487, 498, 81 *A.*2d 731 (1951);

---

[3] For a detailed treatment of the development of the joint venture, see Adam B. Weissburg, Note, *Reviewing the Law on Joint Ventures with an Eye Toward the Future*, 63 *S.Cal.L.Rev.* 487, 502–523 (1990).

*see N.J.S.A.* 42:1–6. Under the Uniform Partnership Law, a partnership may be organized for a limited objective and for a limited duration. *See Presten v. Sailer,* 225 *N.J.Super.* 178, 191–92, 542 *A.*2d 7 (App.Div.1988); *Kozlowski, supra,* 164 *N.J.Super.* at 171, 395 *A.*2d 913; *see also,* 46 *Am.Jur.*2d *Joint Ventures* § 4 (1969); Frank E. Roegge et al., *Real Estate Equity Investment and the Institutional Lender: Nothing Ventured, Nothing Gained,* 39 *Fordham L.Rev.* 579, 590–92 (1971). The numerous cases which have applied partnership principles to joint ventures are reflective of the fact that, in current usage, "joint venture" refers to a particular kind of partnership—one for a limited purpose or for a limited duration—which, like all other types of partnerships, are subject to the Uniform Partnership Law, *N.J.S.A.* 42:1–1 to –43. *See Walter, supra,* 784 *F.Supp.* at 1167; *Hellenic Lines, Ltd., supra,* 611 *F.Supp.* at 679; *Silverstein, supra,* 156 *N.J.Super.* at 152, 383 *A.*2d 718; *Kozlowski, supra,* 164 *N.J.Super.* at 171, 395 *A.*2d 913; *68th St. Apts., Inc., supra,* 142 *N.J.Super.* at 559 n. 2, 362 *A.*2d 78; *Wiley, supra,* 116 *N.J.Eq.* at 393, 174 *A.* 20; *Jackson, supra,* 76 *N.J.Eq.* at 197–98, 74 *A.* 130. As Judge Lesemann correctly held, specific property of a joint venture is therefore immune from the lien of a judgment for the individual debt of a joint venturer by virtue of *N.J.S.A.* 42:1–8.

■ If the present case presented only a dispute between plaintiff Fliegel as judgment creditor and Newstar Development Corp. as judgment debtor, Fliegel would be free to prove, if she could, that Banjo–Newstar, despite its name, was no more than a tenancy in common, and that she was therefore entitled to execute against her debtor's interest in the Banjo–Newstar property. *Republic of China v. Pong–Tsu Mow,* 15 *N.J.* 139, 148, 104 *A.*2d 322 (1954). But the Sheerans are presumed to have acquired the property as *bona fide* purchasers for value without actual knowledge of plaintiff's claim. *Monsanto Employees Fed. Credit Union v. Harbison,* 209 *N.J.Super.* 539, 542, 508 *A.*2d 262 (App.Div.1986) (quoting *Venetsky v. West Essex Bldg. Supply Co.,* 28 *N.J.Super.* 178, 187, 100 *A.*2d 291 (App.Div.1953)). Plaintiff has not disproved

that presumption. Consequently, the Sheerans were entitled to rely on the record title and to assume, without further inquiry, that their grantor was a joint venture, and therefore a kind of partnership, whose property they acquired free of any judgment lien against any of the joint venturers. *See Howard v. Diolosa,* 241 *N.J.Super.* 222, 232, 574 *A.*2d 995 (App.Div.) (bona fide purchaser acquires title "free from all latent equities existing in favor of third persons"), *certif. denied,* 122 *N.J.* 414, 585 *A.*2d 409 (1990); *cf. Palamarg Realty Co. v. Rehac,* 80 *N.J.* 446, 456–57, 404 *A.*2d 21 (1979); *Brescher v. Gern, Dunetz, Davison & Weinstein, P.C.,* 245 *N.J.Super.* 365, 371, 585 *A.*2d 961 (App.Div.1991) (the policy of the recording act is to provide a reasonable limit on the obligation of a purchaser to search the record); *Monsanto Employees Fed. Credit Union, supra,* 209 *N.J.Super.* at 542, 508 *A.*2d 262 (quoting *Palamarg Realty Co. v. Rehac,* 159 *N.J.Super.* 287, 293, 387 *A.*2d 1233 (App.Div.1978), *vacated on other grounds,* 80 *N.J.* 446, 404 *A.*2d 21 (1979) (a " 'fundamental purpose of our recording legislation is clearly to provide stability and certainty in land ownership by permitting subsequent takers in a chain to rely on what the record shows.' "); *Jones v. Parker,* 107 *N.J.Super.* 235, 240, 258 *A.*2d 26 (App.Div.1969) (judgement does not constitute lien on real property unless it is entered on the record in the same name as that in which the record title stands).

The judgment appealed from is therefore affirmed.